**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Criminal No. ABA-26-088** |
| | * | |
| **DEMOND THOMPSON,** | * | |
| | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * * * *

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The Government submits this Sentencing Memorandum in advance of Defendant Demond Thompsons's sentencing hearing, currently scheduled for October 2, 2026, at 10:00 a.m. Thompson faces sentencing for one count of possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count One). Count One has a statutory maximum penalty of 15 years. 18 U.S.C. § 924(a)(8). The applicable guidelines range with acceptance of responsibility is 57 to 71 months' imprisonment based on a total offense level of 21 and a criminal history category of IV. *See* Dkt No. 30 (Pre-Sentence Investigation Report ("PSR")) at ¶ 70.

For the reasons that follow, this Court should impose a sentence of 54 months' imprisonment, followed by 3 years of supervised release.

## I. BACKGROUND

### a. Criminal Conduct

On December 21, 2025, around 2:15 pm, detectives from the Baltimore Police Department ("BPD") were looking for Thompson while patrolling the 2700 block of W. Cold Spring Lane in Baltimore, Maryland. *See* PSR at ¶ 8. BPD detectives searched for Thompson because Thompson had an active arrest warrant due to his failure to register as a gun offender. *Id*

BPD detectives located Thompson and an unidentified male walking on the sidewalk. *Id.* at ¶ 9. Detectives pulled over their car and attempted to speak with Thompson. *Id*. One detective reached his hand out towards Thompson to greet him. *Id*. In response, Thompson fled across a busy street into the populated parking lot of the "Save A Lot" store at 2705 Cold Spring Lane. *Id.*

Detectives exited their vehicles and pursued Thompson on foot. *Id.* ¶ 10. During the pursuit, detectives observed Thompson reach into the waistband of his pants, pull out a gun, and throw it across the parking lot. *Id*. The firearm hit the ground with such force that the magazine base plate attached to the firearm broke and 17 rounds of 9mm ammunition scattered on the ground of the parking lot. *Id*. Notably, the firearm landed right next to a civilian vehicle with a civilian standing in the driver side's doorway when the firearm landed. *Id*.

Thompson was subsequently arrested, and detectives recovered a Taurus G2C 9mm handgun, bearing serial number ABJ960759, with a broken magazine from the parking lot. *Id*. at ¶ 11. The firearm had one live 9mm round in the chamber. *Id*. Officers also recovered the additional 17 loose rounds of 9mm ammunition from the parking lot. *Id*.

**b. Procedural History**

On March 5, 2026, a grand jury sitting in the District of Maryland returned a one count Indictment charging Thompson with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 1. On July 10, 2026, Thompson pled guilty to Count One of the Indictment. Dkt. No. 26. Sentencing in this matter is scheduled for October 2, 2026, at 10:00 am.

## II. ADVISORY GUIDELINES CALCULATION

In preparation for sentencing, the U.S. Probation and Pretrial Services Office completed a PSR on September 14, 2026. Dkt. No. 30. The PSR calculates a base offense level of 20 for

Thompson's Count One conviction pursuant to U.S.S.G. § 2K2.1(a)(6)(A) because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and Thompson was a prohibited person at the time he committed the instant offense. *Id.* at ¶ 18. A 2-level upward adjustment is applied pursuant to U.S.S.G. § 2K2.1(b)(4)(A) because the firearm was stolen. *Id.* at ¶ 19. An additional upward adjustment of 2-levels is applied pursuant to U.S.S.G. § 3C1.2 because Thompson recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. *Id.* at ¶ 22. Following a 3-level downward adjustment for acceptance of responsibility, the final offense level is 21. *Id.* at ¶¶ 25-27.

## III. LEGAL STANDARD

In *United States v. Booker*, the Supreme Court held that the Guidelines are advisory and not mandatory, and the Court made clear that district courts are still "require[d] […] to consider Guidelines ranges" in determining sentences but also may tailor the sentence in light of other statutory concerns. *United States v. Booker*, 543 U.S. 220, 245 (2005); *see* 18 U.S.C. § 3553(a). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court explained the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id.* at 49 (citation omitted).

Next, a sentencing court should "consider all of the §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the sentencing court] may not presume that the Guidelines range is reasonable. [The sentencing court] must make an individualized assessment based on the facts presented." *Id.* at 49-50 (citation and footnote

omitted). The Court ultimately must impose a sentence that is "sufficient, but not greater than necessary" to "reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

## IV. ARGUMENT

A sentence totaling 54 months' imprisonment, a sentence just below the bottom of the guideline range, followed by 3 years of supervised release, is sufficient but not greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

As to the nature and circumstances of the offense, Thompson's behavior was reckless and demonstrated a complete apathy towards public safety. 18 U.S.C. § 3553(a)(1). In the middle of the day, Thompson chose to flee from detectives across a busy street, into a populated parking lot, and throw a loaded gun across that parking lot. Notably, Thompson was prohibited from having this gun as evidenced by the fact that the detectives were looking for Thompson because of an outstanding arrest warrant for Thompson's failure to register as a *gun* offender. The loaded firearm that Thompson threw smashed on the ground, scattering its ammunition, directly in front of a civilian and their car. Thompson and that civilian are fortunate that the gun did not go off that day having hit the ground with so much force. The nature and circumstances of the offense, therefore, weigh heavily towards a significant sentence. Sentencing Thompson to 54 months of imprisonment is necessary in order to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(1)-(2).

Thompson's criminal history also supports a 54-month sentence. Thompson, although just

23 years old, has amassed a criminal history predominantly related to firearm possession. In 2022, Thompson was convicted of Possession of Firearm (minor), a misdemeanor, and sentenced to 3 years of probation. Dkt. No. at ¶ 30. In 2023, Thompson violated his probation and pled guilty to having a Loaded Handgun on Person, a misdemeanor, and Discharging a Firearm, misdemeanor. He was sentenced to 2 months and 29 days of confinement (suspended), and 2 years of probation to run concurrent with his 2022 conviction. *Id.* at ¶ 31. Also in 2023, Thompson was, again, convicted of having a Loaded Handgun on Person and sentenced to 2 years of confinement. *Id.* at ¶ 32. In 2025, Thompson was convicted of a Gun Offender Registry (GORA) violation and sentenced to a period of time served. *Id.* at 33. The GORA offense is directly related to the arrest warrant the detectives had on December 21, 2025. *Id.* Thomspon's criminal history demonstrates that he continues to carry, brandish, and have access to dangerous firearms despite being prohibited from possessing them and despite having faced consequences for past illegal gun possession offenses. This is now Thompon's fifth gun-related conviction and his record in general establishes that he has an overall propensity towards criminal conduct, as evidenced by the lack of significant time periods of being crime-free since 2022. Indeed, Thompson had a warrant out for his arrest for a GORA violation when he was arrested for the new gun offense in this case. *See* Dkt. No. at ¶ 40.

As his criminal history illustrates, Thompson has not been specifically deterred from the consequences that he has faced in the past on the state side as it relates to his firearm possession charges. Accordingly, a sentence of 54 months is also necessary to deter Thompson from future criminal conduct. As it pertains to general deterrence, a significant sentence is required to demonstrate to the public that repeat offenders of gun violations will be treated seriously. Additionally, the public must be able to trust that the criminal justice system strives to keep our

communities safe from the ongoing threat of gun violence.

## V. CONCLUSION

Thompson faces sentencing for possession of a firearm and ammunition by a prohibited person. For the foregoing reasons, and based on a balancing of the applicable factors set forth under 18 U.S.C. § 3553(a), including the seriousness of the offense, the need to protect the public, the history and characteristics of Thompson, and to promote respect for the law, the Government respectfully requests that this Court sentence Thompson to a total term of 54 months' imprisonment, followed by 3 years of supervised release.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: __________/s/_____________________
Alexandria A. Bell
Jonathan S. Tsuei
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 17, 2026, a copy of the foregoing Sentencing Memorandum was delivered via ECF to Assistant Federal Public Defender Dara Jackson-Garrett, counsel for the Defendant.

By: _________/s/____________________
Alexandria A. Bell
Jonathan S. Tsuei
Assistant United States Attorneys